```
DONALD J. PUTTERMAN (SBN 90822)
E-mail: dputterman@plylaw.com
MINDY M. WONG (SBN 267820)
E-mail: mwong@plylaw.com
PUTTERMAN LANDRY + YU LLP
345 California Street, Suite 1160
San Francisco CA 94104-2626
Tel:    (415) 839-8779
Fax:    (415) 737-1363

Attorneys for Defendant
MONEYKEY – CA, INC.
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN D. SHARP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONEYKEY - CA, INC.,<br><br>　　　　Defendants. | Case No.  4:18-cv-07645-SBA<br><br>**DEFENDANT MONEYKEY-CA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>Complaint Filed:   January 29, 2019 |

　　　　Defendant MoneyKey-CA, Inc. ("MoneyKey" or "Defendant"), through undersigned counsel, answers the allegations contained in Plaintiff's initial complaint as follows:

　　　　Unless expressly admitted herein, MoneyKey denies each and every allegation of the complaint.

## NATURE OF THE ACTION

　　　　1.　　　The allegations of Paragraph 1 consist of Plaintiff's characterizations of their purported claims, to which no response is required. To the extent the allegations in Paragraph 1 may be deemed to require a response, MoneyKey admits that Plaintiff's complaint seeks damages pursuant to the Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*) and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*). The remaining allegations of Paragraph 1 are denied.

## JURISDICTION AND VENUE

　　　　2.　　　The allegations of Paragraph 2 constitute legal contentions and/or conclusions to

which no response is required. To the extent a response is required, MoneyKey denies all of the allegations in Paragraph 2.

3.   The allegations of Paragraph 3 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey denies all of the allegations in Paragraph 3.

## PARTIES

4.   MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies the allegations.

5.   The allegations of Paragraph 5 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey admits the allegations of Paragraph 5.

6.   MoneyKey admits that it is licensed by the California Department of Business Oversight as a (i) Consumer Finance Lender and Broker; and (ii) Deferred Deposit Transaction Lender; and is in the business of offering loans to consumers located in the state of California, which business from time to time requires it to collect or attempt to collect debts which are due and owing; and that from time to time it uses mail and telephone in the course of doing so. MoneyKey further admits it is a Delaware corporation and that its registered agent in the State of California is CT Corporation System.  Except as expressly admitted herein, the remaining allegations of Paragraph 6 are denied.

7.   The allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey admits the allegations of Paragraph 7.

8.   If and to the extent MoneyKey took any actions with regard to the loan which is the subject matter of the allegations herein, MoneyKey admits it did so through its employees or agents.  Except as expressly admitted herein, MoneyKey denies the allegations of Paragraph 8.

## FACTS SUPPORTING CAUSES OF ACTION

9.   MoneyKey denies that Plaintiff obtained the loan from MoneyKey which is the subject of the Complaint's allegations. Defendant is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 9, and on that basis denies the allegations.

10. MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies the allegations.

11. MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis denies the allegations.

12. MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies the allegations.

13. MoneyKey admits that the telephone number (866) 252-5578 is assigned to MoneyKey, and that from time to time that telephone number is used to make calls to attempt to collect on debts due and owing.

14. MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis denies the allegations.

15. MoneyKey denies the allegations of Paragraph 15.

16. MoneyKey denies the allegations of Paragraph 16.

17. MoneyKey denies the allegations of Paragraph 17.

18. MoneyKey denies the allegations of Paragraph 18.

19. MoneyKey denies the allegations of Paragraph 19.

20. MoneyKey denies the allegations of Paragraph 20.

21. MoneyKey denies the allegations of Paragraph 21.

22. MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and on that basis denies the allegations.

23. MoneyKey denies the allegations of Paragraph 23.

24. MoneyKey is informed and believes, and thereon denies, the allegations of Paragraph 24.

### COUNT I – Violations of the Telephone Consumer Protection Act

25. MoneyKey incorporates its responses to Paragraphs 1-24 above.

26. The allegations of Paragraph 26 constitute legal contentions and/or conclusions to

which no response is required.

27. MoneyKey admits that it used an ATDS system to make some calls to Plaintiff. Except as expressly admitted herein, MoneyKey denies the remaining allegations of Paragraph 27.

28. MoneyKey admits that it used an ATDS system to make some calls to Plaintiff. Except as expressly admitted herein, MoneyKey denies the remaining allegations of Paragraph 28.

29. MoneyKey denies the allegations in Paragraph 29.

30. The allegations of Paragraph 30 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey denies all of the allegations in Paragraph 30.

MoneyKey denies that Plaintiff is entitled to any relief.

### **COUNT II – Violations of the Rosenthal Fair Debt Collection Practices Act**

31. MoneyKey incorporates its responses to Paragraphs 1-30 above.

32. The allegations of Paragraph 32 constitute legal contentions and/or conclusions to which no response is required.

33. The allegations of Paragraph 33 constitute legal contentions and/or conclusions to which no response is required.

34. The allegations of Paragraph 34 constitute legal contentions and/or conclusions to which no response is required.

    a.    **Violations of RFDCPA § 1788.17**

35. The allegations of Paragraph 35 constitute legal contentions and/or conclusions to which no response is required.

    i.    **Violations of the FDCPA § 1692c and §1692d**

36. The allegations of Paragraph 36 constitute legal contentions and/or conclusions to which no response is required.

37. The allegations of Paragraph 37 consist of Plaintiff's characterizations of their purported claims, to which no response is required. To the extent the allegations in Paragraph 37

may be deemed to require a response, MoneyKey denies the allegations.

38. The allegations of Paragraph 38 constitute legal contentions and/or conclusions to which no response is required.

39. The allegations of Paragraph 39 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey denies the allegations.

40. MoneyKey denies the allegations of Paragraph 40.

### ii.   Violations of the FDCPA § 1692e

41. The allegations of Paragraph 41 constitute legal contentions and/or conclusions to which no response is required.

42. The allegations of Paragraph 42 constitute legal contentions and/or conclusions to which no response is required.

43. The allegations of Paragraph 43 consist of Plaintiff's characterizations of their purported claims, to which no response is required. To the extent the allegations in Paragraph 43 may be deemed to require a response, MoneyKey denies the allegations.

### iii.   Violations of FDCPA § 1692f

44. The allegations of Paragraph 44 constitute legal contentions and/or conclusions to which no response is required.

45. The allegations of Paragraph 45 consist of Plaintiff's characterizations of their purported claims, to which no response is required. To the extent the allegations in Paragraph 45 may be deemed to require a response, MoneyKey denies the allegations.

46. The allegations of Paragraph 46 consist of Plaintiff's characterizations of their purported claims, to which no response is required. To the extent the allegations in Paragraph 46 may be deemed to require a response, MoneyKey denies the allegations.

47. The allegations of Paragraph 47 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey denies the allegations.

MoneyKey denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

MoneyKey sets forth the following Affirmative Defenses without assuming any burden of proof not otherwise imposed upon MoneyKey.

**FIRST AFFIRMATIVE DEFENSE**

**(False Claims)**

48. Plaintiff's claims are barred as a matter of law because the complaint makes a number of demonstrably false claims, including but not limited to that Plaintiff took out the loan in question and that Plaintiff actually spoke with any representative of MoneyKey.

**SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

49. The complaint and each and every purported claim against MoneyKey is barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

**(Uncertainty)**

50. The Complaint and each cause of action therein presented are vague, ambiguous, and uncertain.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

51. Plaintiff lacks standing to bring this suit as he did not take out the loan that is the subject of the Complaint's allegations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Real Party in Interest)**

52. Plaintiff is not the real party in interest to file this suit as he did not take out the loan that is the subject of the Complaint's allegations. Further, the party who originated the loan provided the telephone number in question as the party's contact number when taking out the loan.

## SIXTH AFFIRMATIVE DEFENSE

**(Consent)**

53. Plaintiff cannot be harmed where Plaintiff consented to the act causing the alleged harm. The real party in interest consented to receipt of telephone calls from MoneyKey at the number provided.

## SEVENTH AFFIRMATIVE DEFENSE

**(Cumulative Remedies)**

54. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks cumulative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

**(Reservation of Additional Defenses)**

55. MoneyKey reserves the right to amend its answer to raise additional affirmative defenses as may be revealed through further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's complaint, MoneyKey prays as that:

1. The Complaint be dismissed with prejudice and that Plaintiff shall take nothing by reason of his Complaint;

2. For judgment entered in favor of MoneyKey and against Plaintiff;

3. MoneyKey be awarded its attorney fees, expenses and costs incurred in defense of this action; and

4. For such other relief which the Court deems just and appropriate.

DATED: March 11, 2019                    PUTTERMAN LANDRY + YU LLP

By: _____
DONALD J. PUTTERMAN
Attorneys for Defendant MoneyKey-CA, Inc.