DONALD J. PUTTERMAN (SBN 90822)
E-mail: dputterman@plylaw.com
MINDY M. WONG (SBN 267820)
E-mail: mwong@plylaw.com
PUTTERMAN LANDRY + YU LLP
345 California Street, Suite 1160
San Francisco CA 94104-2626
Tel:      (415) 839-8779
Fax:     (415) 737-1363

Attorneys for Defendant
MONEYKEY – CA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN D. SHARP,<br><br>    Plaintiff,<br><br>    v.<br><br>MONEYKEY – CA, INC.,<br><br>    Defendants. | Case No. 4:18-cv-07645-SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT**<br><br>*The Honorable Saundra B. Armstrong*<br><br>Date:    March 20, 2019<br>Time:   2:30 PM<br><br>Action Filed:    January 29, 2019<br>Trial Date:      TBD |

The parties to the above-entitled action jointly submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9 and Rule 26(f) Report.

**1.      Jurisdiction & Service**

Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 et seq. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 et seq.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367, because it arises out of the common nucleus of operative facts of Plaintiff's federal question claims.

All parties have been served and are represented by counsel.

**2.     Facts**

Plaintiff's Statement

Plaintiff alleges that in the summer of 2018 she started receiving collection calls from Defendant to her cellular phone. Around this time Plaintiff has a conversation with Defendant and conveyed that she did not want to receive further calls from Defendant. Despite her request Defendant continued to place collection calls to Plaintiff's cellular phone with permission.

Major factual issues are: (a) What phone system(s) did Defendant use to place that calls at issue and (b) Did Plaintiff request that Defendant's calls cease.

Defendant's Statement

The loan at issue was actually taken out by Plaintiff's wife on September 12, 2018. Defendant has maintained detailed records of attempted calls to the number provided by Plaintiff's wife (after she defaulted on her loan obligation), which were made by different personnel. After the origination of the loan, none of the Defendant's calls were answered. At no time were any of Defendant's representatives told anything by either Plaintiff or his wife. Defendant has a subscription to the PACER system through which Defendant receives electronic notification of bankruptcy filings. Defendant only learned from such an electronic PACER notification that Plaintiff and his wife had filed for bankruptcy, and, upon receiving such electronic notice, immediately ceased making any calls.

**3.     Legal Issues**

Plaintiff's Statement

Did the phone system(s)/technology that Defendant used to place the calls at issue constitute an Automated Telephone Dialing System under the TCPA? Was Defendant's conduct unfair and harassing under the RFDCPA?

Defendant's Statement

Did the Plaintiff's spouse consent to the calls that were made? Is Plaintiff's claim false?

**4.     Motions**

There are no motions currently pending. The parties each anticipate filing Motions for Summary Judgment.

**5.     Amendment of Pleadings**

Plaintiff's Statement

Plaintiff proposes a deadline of May 17, 2019 to amend the pleadings or add additional parties.

Defendant's Statement

Defendant has no objection to Plaintiff's proposed deadline, but without conceding that any amendment or naming of additional parties would be appropriate.

**6.     Evidence Preservation**

Plaintiff's Statement

Counsel for Plaintiff certifies that he has reviewed the Guidelines Relating to Discovery of Electronically Stored Information and discussed the same with Plaintiff.

Defendant's Statement

Defendant's Counsel has reviewed the Guidelines Relating to Discovery of Electronically Stored Information and met and conferred with Plaintiff's counsel on February 25, 2019. Defendant has taken necessary steps to ensure preservation of potentially relevant documents.

**7.     Disclosures**

Plaintiff made his initial disclosures on March 11, 2019.  Defendant made its initial disclosures to Plaintiff on March 12, 2019.  To the extent that there are any perceived deficiencies in the disclosures, the parties will meet and confer and, if an agreement cannot be reached, the parties will advise the Court of any need to compel further disclosures.

**8.     Discovery**

A.     Discovery Taken to Date:  The parties have not conducted any discovery to date.

B.     Scope of Discovery and Proposed Limitations:

Plaintiff's Statement

Plaintiff intends to conduct both written and oral discovery over: the communications between the parties, the technology Defendant used to place the calls at issue, Defendant's policies and procedures as they relate to collection of debt.  Plaintiff does not propose any deviation from the limitations established by the Federal Rules of Civil Procedure.

Defendant's Statement

Defendant expects to serve written discovery in the form of Requests for Admission, Interrogatories and Requests for Production of Documents, and to depose Plaintiff and his wife. Defendant may take some limited third-party discovery. Defendant will require the production of Plaintiff's cell phone for forensic examination.

      C.      Stipulated E-Discovery Order: The parties are continuing to discuss any issues related to e-discovery.

      D.      Discovery Plan:

      1.      *Changes to the timing, form or requirement for disclosures (Rule 26(f)(3)(A))*:

The parties agreed to exchange initial disclosures on March 12, 2019. The parties will advise the Court at the Case Management Conference of any issues which need to be resolved concerning these disclosures.

      2.      *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues Rule 26(f)(3)(B):*

          a.      *Limitation and phasing of discovery*:

The parties agree that discovery does not need to be limited or phased in this case.

          b.      *Subjects on which discovery may be needed:*

Plaintiff's Statement

Plaintiff believes that discovery should include the following issues:

- See paragraph 8. B.

Defendant's Statement

Defendant believes that discovery should include the following issues.

- What calls were actually received by the cell phone in question; whether the calls were actually answered; whether any actual conversations occurred between Plaintiff and Defendant's representatives; whether Plaintiff actually made any of the statements alleged to any representative of Defendant.

        c.    *Time of completion of discovery*:

<u>Plaintiff's Statement</u>

Plaintiff believe both fact and expert discovery can be completed in 6 months.

<u>Defendant's Statement</u>

Defendant believes discovery can be completed by September, 2019.

    3.    *Rule 26(f)(3)(C): Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.*

The parties are continuing to discuss issues about discovery of electronically stored information, including the form or forms in which it should be produced.

    4.    *Rule 26(f)(3)(D): Issues about claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.*

The parties agree that a protective order is necessary in this case and have agreed to use the Stipulated Protective Order for Standard Litigation provided by the Court. The stipulated protective order is being submitted herewith for the Court's review and approval.

    5.    *Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

At this stage, the parties do not believe it is necessary to make any change to the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules.

    6.    *Rule 26(f)(3)(F): Any other orders under Rule 26(c) or under Rule 16(b) and (c).*

None.

**9.**    **Class Actions**

N/A.

**10.**    **Related Cases**

None.

**11.  Relief**

Plaintiff's Statement

Plaintiff is seeking statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C) of $500 to $1,500 per call and up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b). Plaintiff is seeking actual damages in an amount to be determined pursuant to Cal. Civ. Code § 1788.30(a). Plaintiff is seeking payment of attorney fees and costs in an amount to be determined pursuant to to Cal. Civ. Code § 1788.30(c).

Defendant's Statement

Defendant will be seeking to recover its attorney fees and costs of suit, including if appropriate by a motion made pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**12.  Settlement and ADR**

The parties have discussed settlement and ADR in compliance with Local Rule 3-5 and are open to mediation. Plaintiff has tendered a settlement demand to Defendant and is willing to engage in settlement discussion. The parties propose to complete mediation by August 15, 2019.

**13.  Consent to Magistrate Judge For All Purposes**

Plaintiff consented to proceed before a Magistrate Judge for all purposes. Defendant declined to proceed before a Magistrate Judge for all purposes.

**14.  Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The parties are not presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion; (b) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues; or (c) bifurcate the issues, claims or defenses at trial.

**16.  Expedited Trial Procedure**

The parties do not believe this case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    Scheduling**

As stated above, the parties propose to complete mediation by August 15, 2019. The parties are continuing discussions concerning other scheduling deadlines and will be in a position to address them at the Case Management Conference to be held on March 20, 2019.

**18.    Trial**

Plaintiff's Statement

Plaintiff has made a jury demand and the parties believe any trial could be completed in two days.

Defendant's Statement

Defendant has not made a jury demand and concurs that any trial could be completed in two days.

**19.    Disclosure of Non-party Interested Entities or Persons**

Plaintiff's Statement

Plaintiff filed the Certification of Interested Entities or Persons on March 6, 2019.

Defendant's Statement

Defendant filed its Certificate of Interested Entities or Persons on February 25, 2019, stating that the following entities have a financial interest in the subject matter in controversy or in a party to the proceeding: (1) Shawn D. Sharp, (2) MoneyKey-CA, Inc., (3) 2288984 Ontario Inc., DBA MoneyKey, and (4) 2262011 Ontario Holdings, Inc.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

The parties are not presently aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

/ / /

/ / /

/ / /

Pursuant to Local Rule 5-1(i)(3), Donald J. Putterman, attests that the concurrence in the electronic filing of this document has been obtained from the other signatory below.

DATED: March 13, 2019

WAJDA LAW GROUP, APC
NICHOLAS M. WAJDA

SULAIMAN LAW GROUP, LTD.
NATHAN C. VOLHEIM

By: _____/s/ *Nathan C. Volheim*_____
NATHAN C. VOLHEIM
Attorneys for Plaintiff Shawn D. Sharp

DATED: March 13, 2019

PUTTERMAN LANDRY + YU LLP

By: _____/s/*Donald J. Putterman*_____
DONALD J. PUTTERMAN
Attorneys for Defendant MoneyKey – CA, Inc.